IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

MATTHEW LABREC,

                        Plaintiff,

        v.                                              OPINION & ORDER

C.O. DUSTIN MEEKER, C.O. HANSEN,                        17-cv-485-jdp
C.O. II KORDUCKI, SGT. PHILLIPS, LT. JULSON,
and RN JESSE BEAVER,

                        Defendants.

        Pro se plaintiff and prisoner Matthew LaBrec is proceeding on claims under the Eighth

Amendment and state law that he cut himself because several staff members at the Columbia

Correctional Institution knew that he was suicidal but failed to do anything to help him. Three

motions filed by LaBrec are before the court: (1) a motion to substitute a new defendant for

Dustin Meeker, who died in 2017, Dkt. 20; (2) a motion for assistance in recruiting counsel,

Dkt. 21; and (3) a motion for a mental health evaluation, Dkt. 29. For the reasons stated

below, I will deny the first two motions without prejudice and the third motion outright.


                                ANALYSIS

A. Motion for substitution

        In its acceptance of service of form, the Wisconsin Department of Justice indicated that

it was not accepting service for defendant Dustin Meeker because he is deceased. Dkt. 10.[1]

_____

[1] The department did not say when Meeker died. But the court is aware from filings in another
case by LaBrec against Meeker that he died in August 2017, after LaBrec filed this lawsuit.
*LaBrec v. Walker*, No. 16-cv-774 (W.D. Wis.), Dkt. 59.

Magistrate Judge Peter Oppeneer construed the department's form as a suggestion of death under Rule 25(a) of the Federal Rules of Civil Procedure and gave LaBrec 90 days to file a motion to substitute Meeker's successor or representative.[2] In response, LaBrec filed a motion for substitution, but he did not identify the proper party to substitute because the department did not identify who it was and he didn't know. Dkt. 20.

As it turns out, it was a mistake for the magistrate judge to set a 90-day deadline for substitution. In *Atkins v. City of Chicago*, 547 F.3d 869, 870–74 (7th Cir. 2008), the court held that the party filing the suggestion of death has the burden to both identify the proper party to be substituted *and* serve that party with the notice. Until that happens, the 90-day deadline isn't triggered. *Id.* at 874 ("[N]othing will suffice to start the 90-day clock running except service on whoever is identified as the decedent's representative or successor.").

Accordingly, I will deny LaBrec's motion for substitution and give defendants an opportunity to identify the proper party to be substituted and then to serve the notice on that party. The proper party is "the decedent's successors (if his estate has been distributed) or personal representative ([if] it has not been)." *Id.* at 873. Once that occurs, LaBrec will have 90 days to file a new motion for substitution.

---

[2] Rule 25(a)(1) provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

**B. Motion for assistance in recruiting counsel**

A pro se litigant does not have a right to counsel in a civil case, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), but a district court has discretion to assist pro se litigants in finding a lawyer to represent them. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). A party who wants assistance from the court in recruiting counsel must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760–61 (7th Cir. 2010). First, he must show that he is unable to afford to hire his own lawyer. 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. *Jackson v. County of McLean*, 953 F.2d 1070 (7th Cir. 1992). Finally, he must show that the legal and factual difficulty of the case exceeds his ability to prosecute it. *Pruitt*, 503 F.3d at 654–55.

LaBrec is indigent and he has shown that three lawyers denied his requests to represent him. But he has not shown that the legal and factual difficulty of the case exceeds his abilities. LaBrec's filings with the court thus far show that he is intelligent, understands law and procedure, can explain his version of events in a complaint, and file motions on different issues. He has even shown that he is capable of gathering evidence; he has filed several declarations from other prisoners that he says support his allegations.

As for the difficulty of the case, LaBrec is proceeding on a single theory that defendants failed to protect him when he told them that he was suicidal. The law on such a claim is well established and was explained to him in the screening order. His primary task at summary judgment or trial will be to explain what happened to him and support his version of events with any corroborating evidence, something he has already started doing, as discussed above.

LaBrec says he needs a lawyer for the following reasons: (1) he does not know how to identify the proper party to substitute for defendant Meeker; (2) he needs a psychiatric evaluation to prove his claim; (3) he has been diagnosed with various mental illnesses; (4) he has limited access to the law library; (5) he has limited knowledge of the law; and (6) he is no longer receiving the assistance of more knowledgeable prisoners. At this point in the case, none of these reasons are persuasive.

The first ground—difficulty in identifying a proper party to substitute—is moot now that I have determined that defendants have the burden of identifying that party.

The second ground—that he needs a psychiatric evaluation to prove his claim—is simply incorrect. I am not aware of any authority in which a court held that a prisoner must prove that he has a particular mental health condition to prevail on a claim regarding a failure to protect from self harm.

As for the allegation that he has been diagnosed with mental illnesses, LaBrec doesn't cite any documentation showing those diagnoses. But even if I assume that he suffers from all the conditions he lists, his court filings show no signs of impairment. As I have explained to LaBrec before, the quality of his submissions is well above the average pro se litigant.

LaBrec's allegation that he has limited access to the law library is vague and unsupported. He doesn't say how much time he is allowed and he doesn't explain why he needs more time. If LaBrec is unable to meet a future deadline because of a lack of access to the law library, he is free to seek an extension of time on that ground, so long as he provides the details necessary to show that the request is justified.

LaBrec's fifth contention—that he has limited knowledge of the law—applies to nearly all pro se litigants. In both this case and the previous case he filed, LaBrec has shown that he knows and understands the law that governs his claims.

Finally, LaBrec's contention that he no longer is being helped by other prisoners is not convincing. Since LaBrec made that representation, he has filed multiple documents showing that he is gathering evidence and conducting discovery, Dkts. 26–28, showing either that he is receiving help again or doesn't need it.

## C. Mental health evaluation

LaBrec says he wants a mental health evaluation under Rule 35 of the Federal Rules of Civil Procedure to determine his IQ, diagnose his mental illnesses, and obtain "proper treatment" for those illnesses. Dkt. 29. But LaBrec appears to misunderstand the purpose of Rule 35, which is to allow a party to make his own arrangements to obtain a medical examination if a party's medical status "is in controversy." Fed. R. Civ. P. 35(a)(1). The rule does not create any substantive rights and it does not authorize the court to appoint its own expert.

LaBrec may mean to request the appointment of an expert under Rule 706 of the Federal Rules of Evidence. *E.g.*, *Rowe v. Gibson*, 798 F.3d 622, 632 (7th Cir. 2015). But if that is what LaBrec intended, the court would deny that request as well. Court appointment of an expert is appropriate only when the court needs the expert to help resolve disputed issues; the purpose is not to help one side prove its case. *Turner v. Cox*, 569 Fed. Appx. 463, 468 (7th Cir. 2014) ("A court may appoint an expert to help sort through conflicting evidence . . . but it need not appoint an expert for a party's own benefit"). In any event, as I discussed above, I have not held that LaBrec needs a mental health expert to prove his claim and he has not shown

otherwise. His claim is that defendants disregarded a risk of serious harm, which does not rely on a particular diagnosis. He is *not* proceeding on a claim that defendants are currently denying him mental health treatment. If LaBrec means to bring such a claim, he will have to file a separate lawsuit.

## ORDER

IT IS ORDERED that:

1. Plaintiff Matthew LaBrec's motions for substitution, Dkt. 20, and assistance in recruiting counsel, Dkt. 21, are DENIED WITHOUT PREJUDICE.

2. Defendants may have until March 27, 2018, to serve the proper party with notice of death or show cause why they are unable to do so. Once defendants file proof of service, LaBrec will have 90 days to file a renewed motion for substitution.

3. LaBrec's motion for a mental health evaluation, Dkt. 29, is DENIED.

Entered March 6, 2018.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge