IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

MATTHEW LABREC,

                              Plaintiff,

  v.

DUSTIN MEEKER, HENRY HANSEN,
JONATHAN KORDUCKI, KEVIN PHILLIPS,
MICHAEL JULSON, and JESSE BEAVER,

                              Defendants.

OPINION & ORDER

17-cv-485-jdp

---

Pro se plaintiff and prisoner Matthew LaBrec is proceeding on claims under the Eighth Amendment and state law that he harmed himself because several staff members at the Columbia Correctional Institution knew that he was suicidal but failed to do anything to help him. Three motions filed by LaBrec are before the court: (1) a motion to compel discovery, Dkt. 33; (2) a motion for extension of time to file his reply brief in support of his motion to compel, Dkt. 42; and (3) his second motion for assistance in recruiting counsel, Dkt. 35.

I will grant LaBrec's motion for an extension of time. Although his reply brief was a few days late, there was no prejudice to defendants. But I will deny LaBrec's motion to compel and motion for assistance in recruiting counsel for the reasons explained below.

ANALYSIS

A. Motion to compel

The primary subject of LaBrec's motion to compel is video footage of the area outside his cell. LaBrec does not explain why he wants this footage in his opening brief. But he says in his reply brief that the footage would be relevant because

> it would be able to show whether the defendants were in the area around the defendants' door. The plaintiff is alleging that they could not see him for hours prior to this incident [because LaBrec covered his cell window], and that they did not attempt a wellness check on the plaintiff at any time leading up to the incident.

Dkt. 43, at 1.

Defendants say that they cannot produce any relevant footage for two reasons: (1) there is no camera directed at the cell where LaBrec was housed; and (2) the footage from the closest camera in "the observation area" outside LaBrec's cell was already deleted in accordance with prison policy. Defendants also say that the video footage likely would not show anything relevant to this case in any event. Defendants cannot produce what does not exist, so I will deny LaBrec's motion to compel as to the video footage.

LaBrec makes an alternative request in his reply brief, which is to allow him to view newer footage from the camera in the observation area so he can "see for himself that there is no ability to see the vicinity of his cell door." *Id.* He also says that defendants should be sanctioned for failing to preserve the footage.

I will deny both of these requests. LaBrec doesn't identify any reason to question the answers provided by defendants in their responses to his interrogatories. For example, he doesn't say that the camera is pointed at his cell, that he has seen footage of his cell front, or that anyone told him that the camera recorded his cell front. In the absence of some evidence to the contrary, I decline to require prison staff to allow LaBrec to view security videos that would not include any footage from the relevant time period.

As for a sanction, that is appropriate only when a party shows that evidence is destroyed "for the purpose of hiding adverse information." *Bracey v. Grondin*, 712 F.3d 1012, 1019 (7th Cir. 2013) (internal quotations omitted). LaBrec has not presented such evidence. He says that

prison staff had notice of a duty to preserve from a grievance he filed, but he does not cite any language from the grievance that would have provided notice. He does not include allegations in his grievance or his complaint about events occurring outside his cell.

In his motion to compel, LaBrec says that the video could show that defendants did not attempt "a wellness check" on him. He does not explain what that means or how it could help him prove his claim and I do not see how it could. LaBrec acknowledges in his complaint that the defendants spoke to him from outside his cell, so there is no reason to believe that footage would show that defendants were not present. Most of LaBrec's allegations relate to what he and defendants *said* rather than what they did. Because the video recording does not include sound, it could not support those allegations. Even if the footage could have some relevance to LaBrec's claim, the probative value of the footage is not so clear as to support an inference of bad faith.

LaBrec requests other documents in his motion to compel, but he says nothing about them in his reply brief, so it appears that he has abandoned those requests. Even if he has not dropped his other requests, I will deny them as well. He says that he wants various policies related to the video cameras, but he does not explain why and the policies do not appear to be relevant. He also says that he wants a policy about responding to emergencies. The general topic of the policy suggests that it could be relevant, but defendants filed a copy of the policy *in camera*, which shows that it has nothing to do with individual prisoners at risk of harming themselves. Rather, just as defendants state in their motion, it relates to larger scale situations such as riots.

In sum, I will deny LaBrec's motion to compel in full.

### B. Motion for assistance in recruiting counsel

For the second time, LaBrec moves for assistance in recruiting counsel. LaBrec has shown that he is indigent and that he made reasonable efforts to find counsel on his own, which are two of the requirements obtaining assistance in recruiting counsel. But LaBrec still has not shown that the case is too difficult for him to litigate on his own, which is the other requirement. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). As I stated in the order denying his first motion, LaBrec is a capable litigator and the case is relatively simple. Dkt. 30, at 3. Nearly all of the reasons LaBrec identifies for needing counsel were addressed in the previous order.

There are two differences between this motion and LaBrec's previous request for counsel. First, LaBrec attaches several medical documents to his motion. The documents show that LaBrec has been diagnosed with multiple mental health conditions, such as anxiety, depression, bipolar disorder, and attention deficit hyperactivity disorder. Dkt. 36-1. But LaBrec does not allege that any of his conditions limit his intelligence and he does not point to anything in his records that would support such a conclusion. And my observation from my earlier order still stands: LaBrec's filings thus far do not show that his conditions are adversely affecting his ability to litigate this case.

LaBrec also says that he needs counsel now because defendants are refusing to produce the discovery materials he is requesting. But the appropriate response to a discovery dispute is a motion to compel, which is exactly what LaBrec filed. And the court concluded that LaBrec is not entitled to the discovery he is requesting. Counsel would not have made any difference.

If later events show that LaBrec cannot litigate the case on his own, he may renew his motion at that time.

ORDER

IT IS ORDERED that:

1. Plaintiff Matthew LaBrec's motion for an extension of time to file a reply brief in support of his motion to compel discovery, Dkt. 42, is GRANTED.

2. LaBrec's motion to compel discovery, Dkt. 33, is DENIED.

3. LaBrec's motion for assistance in recruiting counsel, Dkt. 35, is DENIED.

Entered July 18, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge